IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                    :
CHRISTINA JULIA BAUER,              :
                    Plaintiff,      :    CIVIL ACTION
                                    :
        v.                          :    NO. 19-2563
                                    :
ANDREW M. SAUL, COMMISSIONER        :
OF THE SOCIAL SECURITY              :
ADMINISTRATION,                     :
                    Defendant.      :
_____ :

Henry S. Perkin, M.J.                                        April 23, 2020

## MEMORANDUM

Christina Julia Bauer ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. For the reasons that follow, Plaintiff's request for review is granted in part, the Defendant's request for a stay is denied and this matter will be remanded to the Commissioner for reassignment to a new properly appointed ALJ for a new hearing and determination.

**I.    BACKGROUND**

Plaintiff protectively applied for DIB and SSI on April 28, 2016, alleging disability since October 16, 2014[1] due to severe and chronic major depressive disorder,

---

[1] At the ALJ hearing, Plaintiff amended her onset date to October 16, 2014, which Defendant notes is the day after a prior ALJ denied Plaintiff's claims for DIB and SSI benefits. (Tr. 39, 77-94.) For purposes of Plaintiff's DIB claim, her date last insured is December 31, 2017. (*Id.* at 235.)

1

posttraumatic stress disorder ("PTSD"), reflex sympathetic dystrophy ("RSD"), disorders of the back, knees and left shoulder, obesity and lung disease status-post resection surgeries. (Tr. 15, 39, 220-234, 370-75, 512, 584, 638, 653, 778, 779, 846, 1080.) Plaintiff's applications were denied on August 12, 2016 and on October 12, 2016, she requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at. 148-164.) On May 30, 2018, a hearing was held before ALJ Jasper Bede in Elkins Park, Pennsylvania. (*Id.* at 38-73.) In a decision dated August 6, 2018, ALJ Bede found that Plaintiff was not entitled to benefits. (*Id.* at 15-29.) The Appeals Council denied Plaintiff's request to review the ALJ's decision on April 16, 2019, making ALJ Bede's decision the final determination of the Agency. (*Id.* at 1-5, 218, 315-319.)

Plaintiff appealed the Agency decision in this Court. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c), including entry of final judgment.[2] In her Request for Review, Plaintiff raises four claims,[3] the first claim is that ALJ Bede was not constitutionally appointed in compliance with the Appointments Clause following *Lucia v. Securities and Exchange Commission,* 138 S. Ct. 2044 (2018). *See* ECF No. 12. In the Response to Plaintiff's Request for Review filed on March 24, 2020, the Defendant argues that Plaintiff forfeited this claim by not challenging the ALJ's appointment in the

---

[2] *See* Standing Order, In RE: Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); ECF No. 3, ¶ 2 (Notice of Commissioner's General Consent); ECF No. 4 (Plaintiff's Consent Form).

[3] Plaintiff's four claims are: 1) the ALJ was not constitutionally appointed at the time of the hearing; 2) the ALJ's finding that Plaintiff could perform a range of unskilled light work was erroneously made without consideration of significant probative evidence; 3) the ALJ's finding that Plaintiff retained the mental capacity to perform a range of unskilled work on a sustained basis lacks the support of substantive evidence; and (4) the ALJ's finding that Plaintiff retained the physical capacity to perform light work on a sustained basis lacks the support of substantial evidence. *See* ECF No. 12.

Agency proceeding and asks this Court to withhold decision on this case until the United States Court of Appeals for the Third Circuit rules on the rehearing petition in *Cirko ex rel. Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020). *See* ECF No. 17. Plaintiff filed a Reply on April 3, 2020, noting that the Third Circuit denied the petition for rehearing *en banc* in *Cirko* on March 26, 2020, and the mandate of the Third Circuit following denial of the rehearing petition was imminent. *See* Pl.'s Reply, p. 2 n.1 (citing Fed. R. App. P. 41.)[4]

## II. **DISCUSSION**

The Third Circuit held on January 23, 2020, that Social Security disability claimants may raise Appointments Clause challenges in federal court without having exhausted those claims before the Agency.[5] *Cirko*, 948 F.3d at 152. The Court remanded the cases for hearings before constitutionally appointed ALJs other than those who presided over the claimants' first hearings. Thus, the remedy for an Appointments Clause violation is a new hearing before a properly appointed ALJ other than the ALJ who decided Plaintiff's case.

The Defendant seeks affirmance of the Agency's denial of Plaintiff's claims other than the Appointments Clause claim and a stay of the Appointments Clause claim until a Third Circuit decision on a petition for rehearing before the original panel and the Court *en banc* in *Cirko*. As noted above, the Third Circuit denied the petition for rehearing *en banc* in *Cirko* on March 26, 2020. On April 3, 2020, the Third Circuit issued the final

---

[4] Rule 41 of the Federal Rules of Appellate Procedure provides that the mandate of the Court of Appeals must issue seven (7) days after the entry of an order denying a petition for hearing. Fed. R. App. P. 41(b).

[5] The Court limited its decision to issue exhaustion of Appointments Clause challenges. *See Cirko ex rel. Cirko v. Comm'r of Soc. Sec*, 948 F.3d 148, 153 n.3 (3d Cir. 2020).

mandate of the denial of rehearing *en banc*. *Cirko v. Berryhill*, No. 19-1772 (3d Cir.), ECF Nos. 77, 78-1; *Bizarre v. Berryhill*, No. 19-1773 (3d Cir.), ECF Nos. 71, 72-1. Following the April 3, 2020 mandate, the Commissioner's only available relief from the *Cirko* decision is a petition for writ of certiorari to the Supreme Court. Because Supreme Court review is discretionary, the possibility that the Commissioner might seek such review does not justify further delay of this litigation.

In accordance with *Cirko* and *Lucia*, this case will be remanded to the Commissioner for a new hearing before an ALJ other than ALJ Bede who has been properly appointed under the Appointments Clause to the United States Constitution. Plaintiff's other claims are not reviewed because a new ALJ will conduct a hearing *de novo* on remand and issue a new decision that may affect the outcome of those claims.[6]

An appropriate Order follows.

---

[6] *See Echevarria v. Saul*, No. CV 18-4942, 2020 WL 1624519, at *3 n.2 (E.D. Pa. Apr. 2, 2020) (DuBois, J.) (merits of additional claim that the ALJ decision was not supported by substantial evidence not addressed because the improperly-appointed ALJ's decision denying benefits was a nullity). *See also Steininger v. Barnhart*, No. Civ. A. 04-5383, 2005 WL 2077375, at *4 (E.D. Pa. Aug. 24, 2005) (Baylson, J.) ("Having concluded . . . that remand to the ALJ for a new evidentiary hearing is appropriate, the Court will not address [the] other arguments for remand, as the ALJ's findings may be revised in any decision issued following the new hearing.")